NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| WILLIAM EILAND, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 09-CV-035-KKC |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM** |
| J. C. ZUERCHER, Warden, et al., | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

** ** ** ** **

William Eiland, Jr., a/k/a William Nobel Eiland, Jr., an individual confined in the United States Penitentiary ("USP")-Big Sandy, in Inez, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and has paid the habeas filing fee.

The Petition is now before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, *1 (6th Cir. 2002). As Eiland is appearing *pro se,* his Petition is held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

**CLAIM**

Petitioner claims that his incarceration is in violation of the U.S. Constitution; that a Motion

for relief from the sentence via a Section 2255 Motion is inadequate or ineffective to challenge that incarceration; and therefore, he is entitled to seek relief from this Court.

## ALLEGATIONS OF THE PETITION

Eiland has submitted a partially completed Petition form, to which he has attached a hand-written Memorandum of Law and an exhibit.  Record No. 2.  The following is a summary of the allegations contained in these pleadings.

The Petitioner states that on July 30, 2002, a jury convicted him of drug trafficking under 21 U.S.C. § 841(a)(1); conspiracy to engage in drug trafficking under 21 U.S.C. § 846; and aiding and abetting a drug trafficking crime under 18 U.S.C. § 2, in the United States District Court for the Northern District of Indiana.  On December 5, 2002,  he was sentenced to a combined 151 months of incarceration, followed by a five-year term of supervised release.  *See United Sates v. William Eiland, Jr.*, N.D. Ind. No. 02-CR-21.

Plaintiff's convictions were affirmed on appeal.  *United Sates v. William Eiland, Jr.*, 71 Fed.Appx. 584, 2003 WL 21750814 (7th Cir. 2003) (unpublished).  He later brought a Motion to Vacate, Alter or Amend the Judgment pursuant to 28 U.S.C. § 2255 but it was denied as being barred by Section 2255's one-year Statute of Limitations.  *United Sates v. William Eiland, Jr.*, 2007 WL 102137 (N.D. Ind. 2007) (not reported).

Eiland's challenge this time is that he cannot be penalized for his conduct with regard to the drugs as he is "not a registered person that the penalties in 21 U.S.C. § 841 or other subsections apply to.  Not a distributor," as "a 'distributor' has to be approved by application and registration by the Attorney General."  Further, he has just received new reliable evidence which supports his claim and shows his actual innocence.  He attaches a letter from the Drug Enforcement Administration

("DEA"), dated February 3, 2009, as the sole exhibit going to prove this claim. The letter is in response to Petitioner's Freedom of Information/Privacy Act request, and it informs him that the DEA database has no records concerning him.

Therefore, as he was not registered with the DEA, Eiland claims, he is actually innocent of the drug offenses and is entitled to be discharged from his illegal confinement.

## DISCUSSION

The Petitioner does not tell the Court about his earlier efforts to have this Court rule that his convictions and sentences are illegal, but the docket reveals that this is the third such action which Eiland has brought here under 28 U.S.C. § 2241. *See Eiland v. Hastings*, Civil Action No. 05-362-DCR, the opinion dismissing the claims therein now being found also at 2006 WL 335578 (E.D. Ky. 2006) (not reported); and *Eiland v. United States*, Civil Action No. 07-CV-83-GFVT, dismissed in an opinion found at 2007 WL 1306737 (E.D. Ky. 2007) (not reported).

As the Petitioner was told by this Court three years ago,

Ordinarily, 28 U.S.C. § 2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir.1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir.1979). As Eiland challenges his conviction and sentence, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. § 2255. Although he does not expressly invoke the "savings clause" of § 2255, 28 U.S.C. § 2255, ¶ 5, the Court construes the assertion in Eiland's petition that he is "actually innocent" as an effort to invoke this Court's jurisdiction under § 2241 on the ground that Eiland's remedy under § 2255 is allegedly "inadequate or ineffective" to test the legality of his detention. Because Eiland acknowledges that his claims in this proceeding have not been presented before, the Court must determine whether his remedy under § 2255 is "inadequate or ineffective" before he is entitled to their consideration on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir.1999), the Sixth Circuit noted that § 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his § 2255 remedy is truly "inadequate and ineffective." *Id.* at

756. The court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir.2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir.2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir.2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

In this case, Eiland asserts that his conviction was unconstitutional and therefore void. This is not a claim of "actual innocence" because Eiland's assertions, even if true, do not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir.2004) ("Thus far, the only circumstance in which this court has found § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence.") Because the claims in Eiland's habeas corpus petition challenge matters that could and should have been raised on direct appeal, they do not present a facially-valid claim that he is actually innocent of the offense charged. Accordingly, the savings clause of § 2255 does not permit him to pursue this claim in a habeas corpus proceeding under § 2241. *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

*Id.*, 2006 WL 336678, at *1-2.

Every word is again applicable to the instant Section 2241 Petition.  Eiland is again advised that Section 2255 permits use of another court's Section 2241 jurisdiction in the district of the prisoner's confinement in order to address a trial court issue, *only* upon (1) a demonstration of the inadequacy and ineffectiveness of his remedy via a Section 2255 motion to the trial court; *and* (2) a claim of actual innocence of any criminal conduct, based on an intervening Supreme Court opinion interpreting the criminal statute under which he was convicted.

The instant Petitioner, however, has not alleged any reason that he could not have investigated DEA records as he was preparing for trial, on appeal, or in a timely Section 2255 Motion to Vacate.  Therefore, he has failed to show the inadequacy or ineffectiveness of that Section 2255 remedy.  Additionally, Eiland has cited no qualifying Supreme Court opinion, *i.e.*, one that issued after his unsuccessful 2255 Motion and newly defined the prohibited conduct in the statutes under which Petitioner was convicted.

Because Petitioner Eiland has satisfied neither of the two conditions required for this Court to use its 28 U.S.C. § 2241 jurisdiction to entertain a challenge to a conviction obtained in another federal court, his Petition must be dismissed without looking at the merits of his claim, if any.  *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).

### CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     William Eiland's Petition for Writ of Habeas Corpus is **DENIED**; and

(2)     this action will be **DISMISSED,** *sua sponte,* from the Court's docket and Judgment shall be **ENTERED** contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

Dated this 26th day of March, 2009.



Signed By:

*Karen K. Caldwell*

**United States District Judge**